STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-912


ULETOM HEWITT

VERSUS

CITY OF LAFAYETTE AND
LAFAYETTE MUNICIPAL FIRE
AND POLICE CIVIL SERVICE BOARD


\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2015-0607, DIV. G
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


JAMES T. GENOVESE
JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.


**AFFIRMED.**

**C. Theodore Alpaugh, III**
**Guste, Barnett, Schlesinger, Henderson & Alpaugh, L.L.P.**
**639 Loyola Avenue, Suite 2500**
**New Orleans, Louisiana 70113-7103**
**(504) 529-4141**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Uletom Hewitt**

**Michael P. Corry**
**Hallie P. Coreil**
**Briney Foret Corry**
**413 Travis Street, Suite 200**
**Post Office Drawer 51367**
**Lafayette, Louisiana 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Lafayette City-Parish Consolidated Government**


**M. Candice Hattan**
**110 East Kaliste Saloom Road, Suite 101**
**Post Office Box 91850**
**Lafayette, Louisiana  70509-1850**
**(337) 234-0431**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Lafayette Municipal Fire and Police Civil Service Board**

**GENOVESE, Judge.**

Plaintiff, Uletom Hewitt, in his capacity as a police officer with the Lafayette Police Department (LPD),[1] was suspended for misconduct for five days without pay by Defendant, the Lafayette City-Parish Consolidated Government (Lafayette).[2] Mr. Hewitt appealed to the Lafayette Municipal Fire and Police Civil Service Board (Board), which sustained Lafayette's decision. Mr. Hewitt then appealed to the Fifteenth Judicial District Court, which upheld the Board's ruling. Presently, Mr. Hewitt is appealing the judgment of the district court. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

The incident forming the basis of the present appeal occurred on December 21, 2010, while Mr. Hewitt was working off-duty security for Dillard's Department Store (Dillard's) at the Mall of Acadiana (Mall), in Lafayette, Louisiana. According to the Mall's director, Charlie Pritchett, Mr. Hewitt alarmed employees and customers at the Mall and Dillard's by informing them that a suspicious package was found outside of the Mall, near the food court and the Sears' wing. Mr. Pritchett observed Mr. Hewitt inside the Mall telling employees and customers to evacuate. Mr. Pritchett reported Mr. Hewitt's actions to Corporal Keith Deroche, a police officer who was working off-duty security for the Mall, who, in turn, reported Mr. Hewitt's actions to Sergeant Royce Starring, an LPD police officer dispatched to the scene. Sergeant Starring commanded Mr. Hewitt to return to Dillard's and to cease his evacuation efforts; however, Mr. Pritchett

---

[1]Subsequent to his five-day suspension at issue herein, Mr. Hewitt was terminated, and he is no longer employed as a police officer with LPD.

[2]The Police Department of the Lafayette City-Parish Consolidated Government was erroneously identified as City of Lafayette in Mr. Hewitt's Petition for Appeal.

again observed Mr. Hewitt continue to alarm employees and customers inside the Mall by saying everyone needed to evacuate the Mall because of a bomb threat. Mr. Pritchett approached Mr. Hewitt and demanded that he return to Dillard's. Mr. Pritchett's complaint against Mr. Hewitt alleged that "Mr. Hewitt's demeanor and actions contributed to panic and anxiety both in the shoppers at the Mall and Mall employees[.]"

The investigation of possible misconduct by Mr. Hewitt was assigned by LPD to Captain Luranie Richard. During the investigation, statements were obtained from Mr. Hewitt, Corporal Paul Mouton, Corporal Deroche, Sergeant Starring, Ashley Dugas, and Josh Koenig.

Corporal Deroche was working off-duty security at the Mall when he received the report of the suspicious package. He called LPD for a supervisor to come to the Mall. As a precautionary measure, an evacuation of the food court was ordered. Corporal Deroche was told that Mr. Hewitt was evacuating Dillard's. He contacted Mr. Hewitt, via police radio, and told him not to evacuate Dillard's.

Corporal Mouton reported that shortly after he arrived on scene, he was approached by a Mall maintenance employee, who gave him a description of Mr. Hewitt and said that this security officer was evacuating the Mall because of a bomb. Corporal Mouton reported that information to the supervisor on the scene, Sergeant Starring.

Sergeant Starring recalled reporting to the Mall after being notified of the suspicious package by Corporal Deroche. After arriving on scene, he was notified of Mr. Hewitt's behavior by Corporals Deroche and Mouton. Sergeant Starring confronted Mr. Hewitt near the food court about his conduct, which Mr. Hewitt denied. Sergeant Starring then ordered Mr. Hewitt to return to Dillard's. Sergeant

2

Starring heard that Mr. Hewitt continued to tell people there was a bomb in the mall after he ordered him to stop.

Ms. Dugas, a Mall employee, witnessed Mr. Hewitt run from Dillard's into the Mall, holler that there was a bomb, and tell everyone to evacuate. She described a frantic scene—employees and customers running, screaming, and falling.

Mr. Koenig, a Dillard's employee, witnessed Mr. Hewitt's demeanor in Dillard's. He described Mr. Hewitt as composed, but with a sense of urgency to make sure people evacuated from Dillard's.

Mr. Hewitt denied any misconduct. He denied being told by Corporal Deroche not to evacuate Dillard's. Mr. Hewitt also denied leaving Dillard's and going into the Mall, even though both Mr. Pritchett and Sergeant Starring claimed they spoke to him in the Mall.

Captain Richard's written conclusion was memorialized in writing as follows:

> Officer Uletom Hewitt, after being told by a supervisor to stop alarming the public and return to Dillards' store, disobeyed Sergeant Starring's order and continued to tell people in the [M]all there was a bomb and to evacuate. This is in violation of Lafayette Police Department General Order 201.2, Professional Conduct and Responsibilities and Lafayette Consolidated Government PPM 261-2.9.

After a predetermination hearing held on March 3, 2011, Lafayette found that Mr. Hewitt disobeyed a direct order from a superior officer, Sergeant Starring, which caused panic and chaos, which unnecessarily alarmed the public. Mr. Hewitt was suspended for five days without pay.

Mr. Hewitt appealed Lafayette's determination and discipline to the Board. On January 14, 2015, the Board considered Mr. Hewitt's appeal, after which the

3

Board provided written Finding[s] of Fact. The Board supported its ruling, in relevant part, explaining:

> Although no issues were raised about your [off-duty security assignment] at Dillard's, there were conflicting statements regarding how you handled yourself inside the Mall area. Several inconsistencies were noted between the statements you provided at the predetermination hearing and the information you provided during your interview as a part of the investigation.

The Board upheld Lafayette's decision and punishment.

Mr. Hewitt appealed the Board's decision to the Fifteenth Judicial District Court, Parish of Lafayette. A hearing in the district court was held on July 20, 2015, wherein it found that the Board's decision "was made in good faith for cause[,]" and Mr. Hewitt's five-day suspension was upheld. A judgment to this effect was signed on July 31, 2015. Mr. Hewitt appeals.

## ASSIGNMENTS OF ERROR

In his appeal, Mr. Hewitt presents the following assignments of error for our consideration:

1.  The conclusions reached and the penalties imposed were not made in good faith and for just cause.

2.  The decision of the Board was not made in good faith and for just cause as the City of Lafayette and the Lafayette Police Department erroneously found that the alleged actions of Uletom Hewitt violated the provisions of the Lafayette Police Department Standard Operating Procedures.

3.  The decision of the Board was not made in good faith and for just cause as the City of Lafayette and the Lafayette Police Department erroneously found that the alleged actions of Uletom Hewitt impaired the efficient operation of the public service.

4.  The decision of the Board was not made in good faith and for just cause as the City of Lafayette and the Lafayette Police Department erroneously imposed discipline that was not commensurate with the alleged infractions.

4

Louisiana Revised Statutes 33:2501(C) orders a civil service board to review disciplinary actions by an appointing authority to determine whether the appointing authority acted "in good faith for cause[.]" "Good faith fails to occur when the appointing authority acts arbitrarily or capriciously or results from prejudice or political expediency. *Martin v. City of St. Martinville*, 321 So.2d 532 (La.App. 3 Cir.1975), *writ denied*, 325 So.2d 273 (La.1976)." *Townsend v. City of Leesville*, 14-923, p. 2 (La.App. 3 Cir. 2/4/15), 158 So.3d 263, 266, *writ denied*, 15-703 (La. 6/1/15), 171 So.3d 263. An appeal of a civil service board's decision lies with the district court who determines whether the civil service board's decision "was made in good faith for cause[.]" La.R.S. 33:2501(E)(3).

> The [district] court accords deference to a civil service board's factual conclusions which should not be overturned unless they are manifestly erroneous. *Shields* [*v. City of Shreveport*], 579 So.2d 961 [(La.1991)]. Likewise, the intermediate appellate court and our review of a civil service board's factual findings are limited. *Id.* Those findings, which are entitled to the same weight as the trial court's factual findings, cannot be overturned in the absence of manifest error. *Id.*

*Townsend*, 158 So.3d at 267.

Although Mr. Hewitt delineates several assignments of error, essentially, his contention is that the district court was manifestly erroneous in affirming the Board's result. After reviewing the record, we find no error in the district court's analysis and judgment.

In its written Ruling and Judgment on Appeal, the district court quantified its appreciation of the evidence against Mr. Hewitt as follows, in pertinent part:

> Based on the statements given by witnesses, it appears as though [Mr.] Hewitt conducted himself in an appropriate manor [sic] while evacuating Dillard's. The alleged incident that caused [Mr.] Hewitt's suspension[] was his conduct outside of the Dillard's store in the Mall.

5

It is alleged that [Mr.] Hewitt caused panic and chaos among patrons in the Mall and that [Mr.] Hewitt failed to follow the direct order of his supervisor, Sergeant Starring. Sgt. Starring informed [Mr.] Hewitt to return to Dillard's and stop the evacuation efforts. [Mr.] Hewitt admits that he continued to direct [M]all patrons to exit despite Sgt. Starring's instruction.

Our review of the record reveals that the Board's decision to uphold Lafayette's suspension of Mr. Hewitt was in good faith for cause. The basis for Mr. Hewitt's suspension was his misconduct in the Mall. While he was supposed to be working off-duty security for Dillard's, he was actually in the Mall's food court involving himself in a situation under the purview of the Mall's security. Mr. Hewitt's initial denials, which others contradicted, clearly damaged his credibility, and Lafayette, the Board, and the district court were justified in believing those who testified that Mr. Hewitt alarmed Mall employees and customers and disobeyed Sergeant Starring. Accordingly, we find no manifest error in the district court's finding that the Board's decision was made in good faith and for cause. The judgment of the district court is affirmed.

## DECREE

For the foregoing reasons, the judgment is affirmed. All costs of this appeal are assessed against Plaintiff/Appellant, Uletom Hewitt.

**AFFIRMED.**